**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHISN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EVANGELINA PAREDES, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| CHRISTOPHER COLLINS, Individually, | ) |
| and as an Agent/ Employee and Police | ) |
| Officer of the Village of Stickney, JOSEPH | ) |
| A. KRETCH, Individually, and in His | ) |
| Official Capacity as Chief of Police of Village | ) |
| of Stickney Police Department, and | ) |
| VILLAGE OF STICKNEY, ILLINOIS | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Now comes the Plaintiff Evangelina Paredes, by and through her attorneys, Becerra Law Group, LLC, and complains against Defendants Chris Collins, Individually, and as an Agent/ Employee and Police Officer of the Village of Stickney, Joseph A. Kretch, Individually, and in His Official Capacity as Chief of Police of Village of Stickney Police Department, and the Village of Stickney, Illinois as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This is an action under 42 U.S.C. § 1983, the Driver's Privacy Protection Act of 1994, 18 U.S.C. §§ 2721-2725 ("DPPA"), and state laws to recover damages for Defendants' disregard and invasion of Plaintiff's constitutionally protected right to privacy.

2.      Defendant Chris Collins, a Village of Stickney Police Officer, in violation of established federal rights as delineated in the DPPA, accessed Plaintiff's motor vehicle records

and obtained her personal information. He then attempted to contact the Plaintiff via a letter he left on the windshield of her car a mere two days after he stopped her for speeding. In his letter Defendant Collins writes, "I know this may seem crazy and you're probably right, but truth is I have not stopped thinking about you . . ."

3.     The DPPA was passed by Congress to prevent stalkers, harassers, and would-be criminals from obtaining and using personal information from motor vehicle records.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiff's DPPA claim pursuant to 18 U.S.C. § 2724(a) and 28 U.S.C. § 1331 (federal question jurisdiction). This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper because a substantial portion of the event giving rise to the claims occurred in this judicial district.

## THE PARTIES

6.     Plaintiff Evangelina Paredes is a female, single mother who resides in and is domiciled in this judicial district.

7.     Defendant Christopher Collins is a Police Officer employed by the Village of Stickney. Upon information and belief, Mr. Collins resides in and is domiciled in this judicial district.

8.     Defendant Joseph A. Kretch is the Chief of Police of the Village of Stickney Police Department. He has final decision making authority related to the policies and practices of the Village of Stickney Police Department. Upon information and belief, Mr. Kretch resides in and is domiciled in this judicial district.

9.     Defendant Village of Stickney is an Illinois municipal corporation located in

2

Cook County Illinois.

## FACTUAL ALLEGATIONS

10.     On Saturday October 22, 2011, Plaintiff was driving in Stickney, Illinois on her

way to work when she was stopped and pulled over purportedly for speeding by Defendant,

Village of Stickney Police Officer Christopher Collins.

11.     After being pulled over, Collins took Plaintiff's driver's license and registration

and returned to his vehicle.

12.     Collins issued Plaintiff a citation for speeding.

13.     On the morning of Monday October 24, 2011, Plaintiff left her home and went to

her car where she found an envelope affixed to the windshield of her car.  (A copy of the

envelope is attached as Exhibit A.)

14.     The envelope was stamped and addressed to the Plaintiff.  The return address on

the envelope was "Chris Collins, 4025 Euclid Ave., Stickney, IL 60402."  The sender had not

mailed the envelope, instead had placed it on the windshield of her vehicle.

15.     Inside the envelope was a handwritten letter to the Plaintiff asking her on a date:

Hello,

It's Chris I'm that ugly bald Stickney cop who gave you that ticket on Saturday.  I know
this may seem crazy and you're probably right, but truth is I have not stopped thinking about you
since.  I don't expect a girl as attractive as you to be single, or even go for a guy like me but I'm
taking a shot anyways.
Because the truth is I'll probably never see you again un-less I do, and I could never
forgive my-self.  Listen if I never hear from you I understand, but hey I did cost you $132 least I
can do is buy you dinner.  Little about me real quick I just turned 27, did 4 years in the Army,
and been a cop for just over 3 years.  Hope to hear from you one way or another.  Thanks!!!
(A copy of the letter is attached as Exhibit B.)

16.     Plaintiff's car was located in a parking lot behind her apartment building.  The

parking lot is a shared lot with other tenants of the building and the parking lot was full that

morning. It was not a mere happenstance that Defendant Collins had found her car.

17. The letter caused Plaintiff to suffer great fear and anxiety. Plaintiff could not believe that a police officer would use his access to her personal information to find her home and stalk her. She instantly felt unsafe in her own home and feared for her safety and the safety of her children.

18. Defendant Collins used his authority and position as a police officer not to protect the public, but to attempt to manipulate the Plaintiff into going out on a date with him.

19. Upon information and belief, it is not uncommon for Village of Stickney police officers to abuse their power and violate constitutionally protected rights of citizens because the Village of Stickney has lax policies with regard to personal information and allows for these types of constitutional violations.

## COUNT I: 42 U.S.C. § 1983
### Violation of Constitutional Rights

20. Plaintiff hereby realleges and incorporates paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

21. By the conduct described in this Complaint, the Defendants violated Ms. Paredes's privacy rights under the United States Constitution.

22. Plaintiff never gave her consent or permission for Defendant Collins to access her personal information.

23. Defendants Kretch and Village of Stickney were aware that Defendant Collins and other Village of Stickney police officers have and had access to personal and highly personal information of Illinois citizens.

24. Defendants Kretch and Village of Stickney failed to train and supervise Village of

4

Stickney police officers in the access and handling of personal information.

25.     Defendants were deliberately indifferent to Plaintiff's constitutionally recognized right to privacy.

26.     Defendants maliciously and willfully disregarded Plaintiff's constitutional right to privacy.

27.     Defendants acted under color of law when they took the actions described in this Complaint.

28.     Plaintiff suffered damages as a result of this violation of her constitutional rights.

29.     Pursuant to 42 U.S.C. § 1983, Defendants are liable to Plaintiff for their violation of her constitutional rights.

WHEREFORE, Plaintiff prays for entry of a judgment in her favor and against Defendants awarding:

    A.     Compensatory damages;

    B.     Punitive damages;

    C.     Reasonable attorneys' fees and costs incurred in filing this action; and

    D.     Such other and further relief as this Court deems appropriate and just.

## COUNT II: State Law Claim
## Tort of Invasion of Privacy

30.     Plaintiff hereby realleges and incorporates paragraphs 1 through 29 of this Complaint, as if fully set forth herein.

31.     The acts of the Defendants described in this Complaint constituted the tort of an intrusion into the seclusion of another.

32.     The personal information Defendant accessed and used to contact Plaintiff was private and not public.

33.     The Defendants' use of this private information was highly offensive and has caused Plaintiff to suffer severe emotional distress, as a result of these actions.

WHEREFORE, Plaintiff prays for entry of a judgment in her favor and against Defendants awarding:

        A.     Compensatory damages;

        B.     Punitive damages;

        C.     Reasonable attorneys' fees and costs incurred in filing this action; and

        D.     Such other and further relief as this Court deems appropriate and just.

### COUNT III: State Law Claim
### Intentional Infliction of Emotional Distress

34.     Plaintiff hereby realleges and incorporates paragraphs 1 through 33 of this Complaint, as if fully set forth herein.

35.     The acts of the Defendants described in this Complaint constituted extreme and outrageous conduct that caused Plaintiff to suffer severe emotional distress.

36.     This extreme and outrageous conduct was rooted in an abuse of power and authority.

37.     This extreme and outrageous conduct was undertaken with the intent and/ or knowledge that the conduct was extremely likely to inflict emotional distress on Plaintiff.

38.     Plaintiff suffered damages as a result of the intentional infliction of emotional distress by Defendants.

WHEREFORE, Plaintiff prays for entry of a judgment in her favor and against Defendants awarding:

        A.     Compensatory damages;

        B.     Punitive damages;

C.      Reasonable attorneys' fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

### COUNT IV: 18 U.S.C. § 2721, *et seq.*
### Violation of the Driver's Privacy Protection Act

39.     Plaintiff hereby realleges and incorporates paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

40.     The acts of the Defendants described in this Complaint constituted a violation of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, *et seq.*

41.     The DPPA was part of crime fighting legislation enacted, in part, in response to the murder of actress Rebecca Schaeffer by a crazed "fan" who obtained her address from the California State Department of Motor Vehicles. *See* 139 Cong. Rec. S15745-01, S15761-66 (1993); 145 Cong. Rec. S14533-02, S14538 (1999).

42.     Through the DPPA, Congress intended to prevent stalkers, harassers, would-be criminals, and other unauthorized individuals from obtaining and using person information from motor vehicle records. *See* 140 Cong. Rec. H2518,01 H2527 (1994) (statement of Rep. Goss) ("[T]he intent of this bill is simple and straightforward: We want to stop stalkers from obtaining the name and address of their prey before another tragedy occurs . . . [T]he [DPPA] . . . is a reasonable and practical crime fighting measure.").

43.     The DPPA provides that, "It shall be unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under Section 2721(b) of this Title." 18 U.S.C. § 2722(a).

44.     Defendant Collins knowingly obtained Plaintiff's personal information for an unpermitted use.

7

45.     Plaintiff is therefore entitled to statutory damages, actual damages, punitive damages, attorneys' fees and costs under the DPPA.

WHEREFORE, Plaintiff prays for entry of a judgment in her favor and against Defendants awarding:

        A.      Statutory damages;

        B.      Compensatory damages;

        C.      Punitive damages;

        D.      Reasonable attorneys' fees and costs incurred in filing this action; and

        E.      Such other and further relief as this Court deems appropriate and just.

## COUNT V: 42 U.S.C. § 1983
### Deliberate Indifference Against Defendant Kretch

46.     Plaintiff hereby realleges and incorporates paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

47.     Defendant Kretch was responsible for enforcing a policy or practice of violating the constitutional rights of Plaintiff and other Illinois citizens.

48.     In taking the actions described in this Complaint, Defendant Kretch acted under color of state law.

49.     In particular, Defendant Kretch has enforced and/ or condoned a custom or policy of allowing for the access and unlawful use of personal information by Village of Stickney police officers.  Defendant Kretch has taken no steps to safeguard against the invasion of privacy by police officers.

50.     Plaintiff suffered damages as a result of Defendant Kretch's action.

WHEREFORE, Plaintiff prays for entry of a judgment in her favor and against Defendants awarding:

      A.      Compensatory damages;

      B.      Punitive damages;

      C.      Reasonable attorneys' fees and costs incurred in filing this action; and

      D.      Such other and further relief as this Court deems appropriate and just.

## JURY DEMAND

Plaintiff Evangelina Paredes demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated:  December 30, 2011           **EVANGELINA PAREDES**


By:  /s/Carlos G. Becerra
    Attorney for Plaintiff


CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
122 South Michigan, Suite 1850
Chicago, Illinois 60603
Telephone: (312)753-6967
Facsimile: (312)427-1850
Email: cbecerra@law-rb.com